THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| EARL LESTON BARNES,<br><br>                     Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>                 Defendants. | **MEMORANDUM DECISION<br>AND DISMISSAL ORDER**<br><br>Case No. 2:22-CV-596 RJS<br><br>Chief District Judge Robert J. Shelby |

Plaintiff Earl Leston Barnes, a prisoner of the Utah Department of Corrections, filed this *pro se* civil-rights action pursuant to 42 U.S.C.S. § 1983 (2025),[1] proceeding *in forma pauperis*.[2]

After screening Plaintiff's Complaint, the Court ordered him to cure its numerous deficiencies.[3]  In that Cure Order, the Court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims.[4]  The Court advised, "If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims."[5]

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

[2] Dkt. 1, *Motion for Leave to Proceed in Forma Pauperis*; Dkt. 4, *Order Granting Motion for Leave to Proceed in Forma Pauperis*; Dkt. 5, *Complaint*.

[3] Dkt. 9, *Memorandum Decision and Order to Cure Deficient Complaint* (*Cure Order*).

[4] *See id*.

[5] *Id*. at 11.

Plaintiff has since filed the Amended Complaint.[6]  In it, he names the following state and local government defendants: Than Cooper, former Garfield County (Utah) Sheriff; Joe Richard, former Coconino County (Arizona) Sheriff; Mark Shurtleff, former Utah State Attorney General; and K.L. McIff, former Utah Sixth District Court judge.[7]

Plaintiff asserts these defendants violated his federal constitutional rights as follows: (a) "Defendants used excessive force against the plaintiff, punching him in the face repeatedly;" (b) regarding "an unconstitutional stop by police," "while Plaintiff was being question[ed]," there were "no-arrest, no-Miranda rights, no-extradition hearing, and no-attorney"; and (c) he experienced "rape trauma" and failure "to provide treatment that will address . . . serious medical needs of the plaintiff."[8]  To remedy his alleged consequent "immediate and redressable injury" and "illegal confinement," Plaintiff requests damages and declaratory judgment.[9]

Having now thoroughly screened and liberally construed[10] the Amended Complaint under its statutory review function,[11] the Court dismisses this action.

---

[6] Dkt. 10, *Amended Complaint*.

[7] *Id*. at 1.  Defendants McIff and Richards are deceased and thus dismissed from this action.  *See* Sam McLaughlin, *"Sheriff Joe" Richards Remembered as a Visionary Leader in Coconino County*, Arizona Daily Sun, Feb. 18, 2025; https://www.maglebymortuary.com (last visited June 4, 2025) (McIff obituary).

[8] *Id*. at 4–6.

[9] *Id*. at 6.

[10] The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[11] The screening statute reads:

(a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

# I. ANALYSIS--FAILURE TO STATE A CLAIM

## A. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff.[12]  Dismissal is appropriate when—though the facts are viewed in the plaintiff's favor—the plaintiff has not posed a "plausible" right to relief.[13]  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[14]  When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth.[15]  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[16] "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'"[17]  Also, "[f]acts, not conclusions, must be pleaded—'the tenet that a

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2025).

[12] *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[13] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Okla.*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).

[14] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554–55).

[16] *Ridge at Red Hawk*, 493 F.3d at 1177 (emphasis in original).

[17] *Eaves v. Kory*, No. 24-1048, 2024 WL 2764136, at *1 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678).

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'"[18]

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action.[19]  Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . .  [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.[20]

When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims against each."[21]  For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."[22]

---

[18] *Renaud v. Ross*, No. 1:22-CV-212, 2023 WL 1455954, at *2 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

[19] *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct").

[20] *Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10).

[21] *Id*. at 1250.

[22] *Id*.  Because the Complaint had not adequately "affirmatively link[ed] the defendant to civil-rights violations," the Cure Order contained a section marked, "Affirmative Link," under which Plaintiff was alerted that each defendant must be linked to the particular behavior that constitutes a legal claim.  *Cure Order* at 6–7.  This quote from a case was provided to Plaintiff so that he would understand his burden:
> "[A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement.  That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue.  *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).  Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining when plaintiff brings § 1983 claims against

## B. Plaintiff's Allegations

Plaintiff's spare and conclusory allegations do not meet the standards Plaintiff was

advised of in the Cure Order.  In fact, not one of his vague claims is linked to a named defendant.

There is no hint as to which of the individual defendant(s) may have conspired against him;

punched him in the face; denied him a Miranda warning, extradition hearing, or attorney; and

refused treatment for serious medical needs, like "rape trauma."[23]  To designate the defendants

involved, Plaintiff unacceptably lumps them together, using the loose term "Defendants," for

example, when describing who "used excessive force."[24]  Though thoroughly alerted to his

---

multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding district court's analysis of plaintiff's § 1983 claims was "infirm" when district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim")."  *Id.* at 6–7 (quoting *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790–91 (10th Cir. 2019)).

Plaintiff was further warned,

"A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal." *Id.* at 790 n.5.  The Tenth Circuit has 'gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous.'"  *Id.* at 7 (quoting *Roemer*, 764 F. App'x at 790 n.5).

Other directions in the Cure Order stated,

"(ii) The complaint must clearly state in the body of the complaint what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  'To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.' *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250).

(iii) Each cause of action, with the facts and citations that directly support it, should be stated separately.  Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].  Presented with such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'").  *Cure Order*, at 4.

[23] *See Amended Complaint.*

[24] *Id.* at 4.

pleading duties, Plaintiff does not "isolate the allegedly unconstitutional acts of each defendant"; thus, Plaintiff gives inadequate notice of "the nature of the claims against each" defendant.[25] Indeed, Plaintiff does not heed the Court's direction that a full explanation of the "'who,' 'what,' . . . 'when,' and 'why'" is required, leaving his allegations insufficient to state a claim.[26]

Further, Plaintiff's terse assertions of an unconstitutional stop and questioning; physical treatment; and conspiracy do not "give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[27]  The Amended Complaint has truly nothing "more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'"[28] Without specifying individual defendant behaviors, Plaintiff says he was harmed but does not provide crucial links between any one defendant and any one allegation of unconstitutional treatment.  And he does not provide factual details that build toward the support needed for each element of separate causes of action.  Indeed, "[f]acts, not conclusions, must be pleaded"; the Court is not required to accept as true "a 'legal conclusion couched as a factual allegation.'"[29]

It is important to note that a conditions-of-confinement claim's adequacy is drawn from "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'"[30]  "While no single factor controls . . . the length of exposure to the conditions is often of prime importance."[31]  As the severity of the condition increases, the length of exposure required to make out a constitutional violation

---

[25] *Robbins*, 519 F.3d at 1250.

[26] *Cure Order* at 4 (quoting *Robbins*, 519 F.3d at 1248).

[27] *Ridge at Red Hawk*, 493 F.3d at 1177 (emphasis in original).

[28] *Eaves*, 2024 WL 2764136, at *1 (quoting *Iqbal*, 556 U.S. at 678).

[29] *Renaud*, 2023 WL 1455954, at *2 (quoting *Iqbal*, 556 U.S. at 678).

[30] *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001).

[31] *Id*.

decreases.[32]  In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations' . . . may meet the standard despite a shorter duration."[33]

However, Plaintiff's curt statements, for instance, that he was punched in the face and inadequately treated for mostly unspecified ailments, do not support any part of the elements of such a cause of action.[34]  For example, there are no factual allegations from which to draw an inference about the seriousness of injuries that are unidentified.  This, despite the requirement that "the [physical] deprivation alleged must be, objectively, 'sufficiently serious.'"[35]  Thus, the first prong of a cruel-and-unusual-punishment claim has not been met with requisite allegations.  Further, there are no factual allegations from which to draw an inference about any particular defendant's knowledge of whether Plaintiff's harm was serious, and that defendant's subsequent decision to do nothing to help Plaintiff despite the defendant's knowledge of serious harm.  The Amended Complaint does not give "the particular facts of" Plaintiff's deprivations so that the Court may carefully consider "the circumstances, nature, and duration of the challenged conditions."[36]

Again, Plaintiff's claims are all, fatally, not linked to any specific defendant, despite Plaintiff being thoroughly instructed as to his pleading duties and warned that such omissions would require dismissal.  Plaintiff's articulation of all his allegations fails to "isolate the allegedly

---

[32] *Id.*

[33] *Id.* (citations omitted).

[34] The Cure Order gave Plaintiff four paragraphs of direction explaining the elements of an inadequate-medical-treatment cause of action, yet he did not apply the direction in his Amended Complaint.  *See Cure Order* at 9-10; *Amended Complaint*.

[35] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[36] *Despain*, 264 F.3d at 974 (cleaned up).

unconstitutional acts of each defendant"; Plaintiff therefore gave insufficient notice of "the nature of the claims against each" defendant.[37]  And, because Plaintiff's allegations are insufficient to support plausible claims of unconstitutionally inhumane carceral conditions, lack of due process in questioning and hearing, and conspiracy, these causes of action are dismissed.

## II. ORDER

For failure to state a claim upon which relief may be granted, **IT IS ORDERED** that Plaintiff's Amended Complaint[38] is **DISMISSED** with prejudice.[39]  Two iterations of the complaint and a full round of comprehensive guidance on curing deficiencies have not resulted in an improved pleading.  It is apparent to the Court that further opportunity to amend would not lead to a different result.

DATED this 5th day of June 2025.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court

---

[37] *Robbins*, 519 F.3d at 1250.

[38] Dkt. 10.

[39] *See* 28 U.S.C.S. § 1915(e)(2)(B) (2025) (stating "the court shall dismiss" a case at any time it determines the case "fails to state a claim on which relief may be granted").